IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DHILLON PRABJOT SINGH,<br><br>Petitioner,<br><br>vs.<br><br>CAROLYN SOMMER, in her capacity<br>as Acting Warden of McCook<br>Detention Center, et al.,<br><br>Respondents. | 8:26-CV-141<br><br>MEMORANDUM AND ORDER |

The petitioner has filed a third petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1; *see also* nos. 7:26-cv-5006 and 8:26-cv-108. The petition will be denied.

The available relief for the only claim clearly asserted in the petition is a bond hearing pursuant to 8 U.S.C. § 1226(a). *See* filing 1 at 3-4. But the plaintiff was already awarded a bond hearing, and got it. *See* no. 7:26-cv-5006 filings 19-21. The Court directed the government to provide the petitioner with advance notice of the hearing and the opportunity to be heard. *See id.* filing 19 at 1. Nothing in the petition suggests that the petitioner didn't receive all of the process to which he was due. *See* filing 1; *see also Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026).[1]

To the limited extent the petition can be read to present a claim for which

---

[1] And even § 1226(a) may well be foreclosed as a remedy for now pursuant to *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), although the application of *Avila* to a detainee who *had* been paroled into the country but whose parole had expired is a question the Court reserves judgment on.

immediate release might be an appropriate remedy—for instance, the petitioner's assertion that he has " been unlawfully detained for a long period of time," filing 1 at 2—the petition and the government's response in no. 7:26-cv-5006 provide no factual support for such a claim. The petitioner has been detained, to date, for 45 days. *See* no. 7:26-cv-5006 filing 14 at 3. A 45-day detention does not demand outright release. *See Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Nor does the petitioner's pending asylum application provide a right to release. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

The petitioner has already received the bond hearing which is the only relief available to him on the record before the Court. Accordingly,

IT IS ORDERED

1. The Clerk of the Court shall, before docketing this order:

   a. Add Assistant Attorney General Justin J. Hall of the Nebraska Attorney General's office as counsel for Carolyn Sommer in her official capacity as Acting Warden of the McCook Detention Center;

   b. Add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondents; and

   c. After doing so, regenerate the filing for the petition.

2. The Clerk of the Court is directed, pursuant to Fed. R. Civ. P. 25(d), to substitute Todd Blanche, in his official capacity

as Acting Attorney General of the United States, for Pamela Bondi.

3. For the reasons stated above, the petition for writ of habeas corpus is denied.

4. A separate judgment will be entered.

Dated this 3rd day of April, 2026.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge